## Luce v. Matuszek

*Welles, Mumford & Stark,* for plaintiff; *R. P. Campbell,* for defendant.

LEWIS, J., July 25, 1934.—A writ of certiorari was taken by the defendant from a judgment entered by an alderman in an action of trespass. The suit involves damage done to the plaintiff's car by defendant's truck, which the defendant himself was driving.

Exceptions were filed by the defendant upon the ground that the record shows that the magistrate had no jurisdiction of the case, for the reason that it does not appear affirmatively upon the record of the said alderman that the terms of section 1208 of The Vehicle Code of 1929, were complied with.

If this were the only ground for an exception, the court would necessarily be compelled to overrule it, for the reason that the aforesaid act does not repeal the Act of July 7, 1879, P. L. 194, by limiting jurisdiction of the justice of the peace to $100 instead of $300 in damages resulting from motor vehicle collision, but is intended as a procedural section, applicable only where the plaintiff and the defendant do not reside in the same county and this is an action of trespass vi et armis.

However, upon careful reading of the record returned by the alderman, we find that the plaintiff claimed as follows:

"Defendant driving a Ford truck ran into the rear of the plaintiff's sedan causing damages to automobile and contents thereof to the amount of $223.15. This amount includes two ladies' hats and a doctor's bill for medical services rendered one of the ladies for bruises she received."

Part of this combination is direct damages for the injuries to the car as to which the alderman had jurisdiction. However, the claim for the loss of two ladies' hats and the doctor's bill for medical services rendered to one of the

ladies are consequential damages. As we are unable to separate the items of direct damages to the automobile and the damages claimed for the loss of the hats and doctor bill for medical services, we are constrained under the circumstances to reverse the judgment.

Now, therefore, July 25, 1934, judgment is reversed.